# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **RONDA L. CORMIER** | : |
| | : |
| **VERSUS** | : |
| | : **CIVIL ACTION NO.: 19-CV-04960** |
| | : |
| **DENIS MCDONOUGH, SECRETARY** | : |
| **OF VETERANS AFFAIRS** | : |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff, Ronda L. Cormier (here in after referred to as "Plaintiff") respectfully requested leave to amend and supplement the Complaint in the above-captioned case. (See Motion for Leave to file Plaintiff's First Amended Complaint, Exhibit One) Plaintiffs sought leave to amend and supplement the Complaint to add an additional count that alleges new facts discovered during a review of Defendant's live testimony and in discovery responses. Counsel for Plaintiffs contacted counsel for Defendants in this case on May 25, 2021, to request Defendants' position on this motion. Defendants were not able to respond within the requested timeframe. (See Emails between Plaintiff and Defendant's Counsel, Exhibit Two)

## **BACKGROUND**

1.     Plaintiffs filed a Complaint in this case on December 20, 2019, bringing claims under the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. sections 2000e *et seq.* (Title VII) and Section 501 of the Rehabilitation Act of 1973. (Rehab Act) This action arises under laws of the United States regulating commerce and providing for the protection of Civil Rights.

## JURISDICTION AND VENUE

2.      The unlawful employment practices alleged in this complaint were committed in the Southern District of Texas. Plaintiff is employed in the Southern District of Texas. Venue is proper pursuant to 28 U.S.C. section 1391(b)(2).

## PARTIES

3.      Plaintiff, RONDA L. CORMIER, is a citizen of the United States of America and a resident of Texas.

4.      Plaintiff avers on information belief that Defendant, ROBERT WILKIE[1], SECRETARY OF VETERANS AFFAIRS, is an active United States governmental agency and may be sued in this court under Title VII and the Rehabilitation Act.

## NATURE AND STATUS OF PROCEEDINGS

5.      The Defendant is an "employer" within the meaning of section 701(b) of Title VII and the Rehab Act in that it engages in an industry affecting commerce and has employed the requisite number of employees for the requisite duration under Title VII and the Rehab Act.

6.      Plaintiff contacted the Office of Resolution Management on July 14, 2016. Her formal complaint was filed on August 11, 2016.

7.      Plaintiff timely filed an Appeal of the Final Agency Decision issued on October 30, 2017.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Denis McDonough is automatically substituted for former Secretary Robert Wilkie.

8.      Plaintiff received a "Notice of Right to File a Civil Action" on or about September 24, 2019, entitling her to commence this action within 90 days of her receipt of that notice. Further, this Plaintiff has filed within 90 days of the receipt of that notice.

9.      Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action. All administrative remedies have been exhausted. There are no other laws prohibiting the unlawful employment practices alleged in this complaint under which Plaintiff is obligated to make a complaint or charge.

## STATEMENT OF FACTS

10.     Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 in that it employed and employees the requisite number of employees under Title VII and the Rehab Act during all times relevant to this complaint. Plaintiff is an African American female with a disability and is employed by defendant, Denis McDonough, Secretary Department of Veteran Affairs.

11.     On March 16, 2017, Defendant's employee Jeffery Reeder,[2] engaged in a tendered a sworn deposition to the agency's Office of Resolution (ORM)[3] Investigator and testified that he participated in a forty-five-minute conversation with another employee of the agency, namely, Deborah McCullam. In this deposition, (S1) testified to the conversation and suggested that he had not violated the Plaintiff's privacy rights. (See ROI, pg. 23, line 3-24, Exhibit Three)

12.     Subsequently, during the investigation, (S1) tendered over a copy of an email between he and Ms. McCullam to the ORM investigator. It appears to be a follow-up of the

---

[2] Mr. Reeder is identified in Plaintiff's Original Complaint as (S1) and will so be referred to as such in this motion.
[3] Currently, entitled Office of Resolution Management Diversity and Inclusion (ORMDI).

conversation between he and Ms. McCullam. (Emails between S1 and Ms. McCallum, Exhibit Four)

13.     In the email, (S1) reiterates his conversation with Ms. McCallum and appears to thank her for her advice regarding the Plaintiff's claims for reasonable accommodation.

14.     Also, after a thorough review of Defendant's live deposition testimony and discovery response, Plaintiff discovered (S1) used performance targets and standards to assign and weigh Plaintiff's caseload without proper notification and failed to disclose this tracking system in her performance standards. (S1 ROI. Depo. at pg. 39-41, lines 4-1, respectively; Exhibit Five)

## INCORPORATION OF ALLEGATIONS

15.     All allegations in each of the foregoing paragraphs are incorporated by reference into each of the claims for relief as if fully set forth in the original complaint.

## LEGAL STANDARD

16.     Federal Rule of Civil Procedure 15(a)(2) allows for the amendment of pleadings with leave of court, or with the opposing counsel's written consent, before trial. Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." Id. In addition, Rule 15(d) specifically allows the filing of supplemental pleadings to allege new facts that occur after the filing of original pleadings. Rule 15(d) states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Because Rule 15(a) instructs that leave to amend pleadings should be "freely" given, the standard of review is liberal. Indeed, the Ninth Circuit has instructed that the rule "should be interpreted with 'extreme liberality,'" *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th

Cir.1981)), and "[a]n outright refusal to grant leave to amend without a justifying reason is ... an abuse of discretion." **Smith v. Constellation Brands, Inc**., 2018 WL 991450, at *2 (9th Cir. Feb. 21, 2018) (quoting ***Leadsinger, Inc. v. BMG Music Publ'g***, 512 F.3d 522, 532 (9th Cir. 2008) and citing **Foman v. Davis,** 371 U.S. 178, 182 (1962)). A district court only has discretion to deny leave to amend "'due to ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. at *2 (quoting ***Zucco Partners, LLC v. Digimarc Corp***., 552 F.3d 981, 1007 (9th Cir. 2009) and ***Leadsinger, Inc***., 512 F.3d at 532). Similarly, Rule 15(d) "is intended to give district courts broad discretion in allowing supplemental pleadings" to promote "judicial economy and convenience." *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988); see also ***San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior****,* 236 F.R.D. 491, 496 (E.D. Cal. 2006) ("Leave should be freely given"). Supplemental pleadings should be allowed as a matter of course "unless some particular reason for disallowing them appears." ***Keith***, 858 F.2d at 473 (citation omitted). In the case at bar, Plaintiffs seek to amend and supplement her Complaint in order to add two new incidents arising out of events that happened prior to the date of the filing of the original complaint but were only made aware to the Plaintiff after the filing of the original complaint.

### **FIRST CLAIM OF RELIEF**

**Violation of the Health Insurance Portability Accountability Act (HIPAA)
Per Se Rehabilitation Act of 1973**

17.     The effect of the Defendant's actions, as alleged above, denied Plaintiff equal employment opportunities, and discriminated against her based on her disability and failed to adhere to her reasonable accommodation in violation of Section 501 of Rehabilitation Act of 1973. (Rehab Act) Plaintiff is a member of a protected class under the Rehab Act as she is a qualified individual with a disability.

18.     Because the Rehab Act protects access to medical information, it is a *per se* violation of the Rehab Act to provide unauthorized access to an employee's medical information— even if no one, actually, sees the information. If an agency discloses medical information pertaining to a complainant in a manner that did not conform with this regulation, then its act of dissemination would constitute a violation of the Rehabilitation Act. We note that there is no requirement of a showing of harm beyond the violation. ***Complainant v. United States Postal Serv,*** EEOC Appeal No. 01A52139 (June 24, 2005).

## SECOND CLAIM FOR RELIEF

### Violation of Title VII-Disparate Treatment (Sex and Race)

19.     The effect of the Defendant's actions, as alleged above, denied Plaintiff equal employment opportunities, and discriminated against her based on her race and sex. Based on her race and sex, African American female, Plaintiff was treated differently and less than favorably than similarly situated persons who were outside of her protected class when she was subjected to performance targets and standards to assign and weigh their caseload without proper notification and tracked on a system to calculate her performance standards. Based on her knowledge, information and belief, other employees of a different race and sex were not targeted and weighed in a manner that resulted in them being given verbal and written counseling's, a less than satisfactory mid-year appraisal and placed on a PIP.

## THIRD CLAIM FOR RELIEF

### Violation of Title VII-Hostile Work Environment

20.     The effect of the Defendant's actions, as alleged in this complaint, discriminated against the Plaintiff, and subjected her to a hostile work environment based on her race, sex, and

6

disability in violation of Title VII and the Rehab Act. Plaintiff is a member of a protected class

under Title VII as she is an African American female with a disability.

21.     Plaintiff has suffered financial injury as a result.

22.     Plaintiff has suffered irreparable injury from the defendant's policy and practice as

stated in this complaint.

23.     Plaintiff has suffered emotional and mental anguish because of Defendant's actions.

24.     Defendant acted with malice and reckless disregard to plaintiff's civil rights

therefore entitling plaintiff to punitive and/or exemplary damages.

25.     Plaintiff is entitled to money damages for defendant's violation of his rights as

guaranteed by Title VII.

## PRAYER FOR RELIEF

26.     Based on these incidents, Complaint seeks to amend her Original Complaint [Doc.

1] to include two new incidents that are like and related to the pending claims of harassment and

discrimination. As a matter of judicial law, economy, and convenience, it is appropriate for this

claim to be added to the original Complaint, rather than brought as a separate action. Furthermore,

the addition of these incidents and claims to the existing case would not cause undue prejudice to

Defendants.

For the above reasons, Plaintiffs respectfully request leave to amend and supplement the

original Complaint in the above-captioned matter.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

1.     Declaring that the acts and practices complained of herein are in violation of Title VII,

the Rehab Act and in retaliation;

2.      Awarding plaintiff any back pay with interest on any back pay awarded;

3.      Awarding plaintiff any front pay with interest on any front pay awarded;

4.      Awarding plaintiff any liquidated damages with interest on any liquidated damages awarded;

5.      Awarding plaintiff any actual damages to justly compensate contractual losses;

6.      Awarding plaintiff compensatory damages, punitive damages, and such other monetary relief as may be deemed appropriate in amounts to be determined at trial;

7.      Awarding plaintiff prejudgment and post judgment interest to the maximum extent permitted by law;

8.      Awarding plaintiff costs of suit;

9.      Awarding plaintiff, the cost of this action together with expert witness fees and reasonable attorney's fees, as provided by section 706(k) of Title VII, 42 U.S.C. §§ 2000e-6(k), and the Rehab Act, 29 U.S.C. §§ 701, et seq;

10.     Directing defendant to pay plaintiff damages for his mental anguish;

11.     Granting such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted this 25th day of May 2021.

Respectfully Submitted,

By:/s *Ronda L. Cormier*
Ronda L. Cormier, Plaintiff
Texas Bar No. 41682403
12400 Shadow Creek Parkway, #306
Pearland, Texas 77584
Tel (713) 854-5599

8

Ms.lizzette@gmail.com

OF COUNSEL
Chelsey Johnson
Texas Bar Roll: 24109400
16343 Angel Island Lane
Houston, Texas 77053
281-777-5036
Chelsey.johnson419@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 25th day of May 2021, a true and correct copy of the

foregoing was served via CM/ECF, in accordance with the Federal Rules of Civil Procedure, on

the following:

     Lander B. Baiamonte
     Assistant United State Attorney
     Southern District of Texas
     800 N. Shoreline Blvd., Suite 500
     Corpus Christi, TX 78401

                  *s/Ronda L. Cormier*
                  Ronda L. Cormier, Plaintiff

9