IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| RONDA L. CORMIER | : |
| | : |
| VERSUS | : |
| | : CIVIL ACTION NO.: 19-CV-04960 |
| | : |
| DENIS MCDONOUGH, SECRETARY | : |
| OF VETERANS AFFAIRS | : |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff, Ronda L. Cormier (here in after referred to as "Plaintiff") respectfully requested leave to amend and supplement the Complaint in the above-captioned case. (See Motion for Leave to file Plaintiff's Second Amended Complaint, Exhibit One) Plaintiffs sought leave to amend and supplement the Complaint to add an additional count that alleges new facts discovered during a review of Defendant's live testimony. Counsel for Plaintiffs contacted counsel for Defendants in this case on June 2, 2021, to request Defendants' position on this complaint and Motion in Opposition of Motion to Extend Discovery (motion). Defendants were not able to respond within the requested timeframe. (See Emails between Plaintiff and Defendant's Counsel, Exhibit Two)

**BACKGROUND**

1.      Plaintiffs filed a Complaint in this case on December 20, 2019, bringing claims under the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. sections 2000e *et seq*. (Title VII) and The Privacy Act at 5 U.S.C. 552(a) (the "Act") This action arises under laws of the United States regulating commerce and providing for the protection of Civil Rights.

## JURISDICTION AND VENUE

2. The unlawful employment practices alleged in this complaint were committed in the Southern District of Texas. Plaintiff is employed in the Southern District of Texas. Venue is proper pursuant to 28 U.S.C. section 1391(b)(2).

## PARTIES

3. Plaintiff, RONDA L. CORMIER, is a citizen of the United States of America and a resident of Texas.

4. Plaintiff avers on information belief that Defendant, ROBERT WILKIE[1], SECRETARY OF VETERANS AFFAIRS, is an active United States governmental agency and may be sued in this court under Title VII and the Rehabilitation Act.

## NATURE AND STATUS OF PROCEEDINGS

5. The Defendant is an "employer" within the meaning of section 701(b) of Title VII and the Rehab Act in that it engages in an industry affecting commerce and has employed the requisite number of employees for the requisite duration under Title VII and the Rehab Act.

6. Plaintiff contacted the Office of Resolution Management on July 14, 2016. Her formal complaint was filed on August 11, 2016.

7. Plaintiff timely filed an Appeal of the Final Agency Decision issued on October 30, 2017.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Denis McDonough is automatically substituted for former Secretary Robert Wilkie.

8. Plaintiff received a "Notice of Right to File a Civil Action" on or about September 24, 2019, entitling her to commence this action within 90 days of her receipt of that notice. Further, this Plaintiff has filed within 90 days of the receipt of that notice.

9. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action. All administrative remedies have been exhausted. There are no other laws prohibiting the unlawful employment practices alleged in this complaint under which Plaintiff is obligated to make a complaint or charge.

## STATEMENT OF FACTS

10. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, HIPPA Act and Privacy Act in that it employed and employees the requisite number of employees under Title VII and related acts during all times relevant to this complaint. Plaintiff is an African American female with a disability and is employed by defendant, Denis McDonough, Secretary Department of Veteran Affairs.

11. On March 16, 2017, Defendant's employee Jeffery Reeder,[2] engaged in a tendered a sworn deposition to the agency's Office of Resolution (ORM)[3] Investigator and testified that he participated in a forty-five-minute conversation with another employee of the agency, namely, Deborah McCullam. In this deposition, (S1) testified to the conversation and suggested that he had not violated the Plaintiff's privacy rights.

12. Here, the Plaintiff became aware of the S1's unauthorized disclosure during her examination of S1's Report of Investigation (ROI) Deposition testimony. The existence

---

[2] Mr. Reeder is identified in Plaintiff's Original Complaint as (S1) and will so be referred to as such in this motion.
[3] Currently, entitled Office of Resolution Management Diversity and Inclusion (ORMDI).

of this information did not become available to the Plaintiff until this time and subsequently, after she filed her Original Complaint.

13. From the evidence presented, Plaintiff learned S1 sought advice from someone without a need to know and relied on that guidance to take further harassing actions against the Plaintiff. Namely, giving her a less than fully successful performance rating, placing her on a PIP and later seeking to remove her for medical inability.

## INCORPORATION OF ALLEGATIONS

14. All allegations in each of the foregoing paragraphs are incorporated by reference into each of the claims for relief as if fully set forth in the original complaint.

## LEGAL STANDARD

15. Federal Rule of Civil Procedure 15(a)(2) allows for the amendment of pleadings with leave of court, or with the opposing counsel's written consent, before trial. Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." Id. In addition, Rule 15(d) specifically allows the filing of supplemental pleadings to allege new facts that occur after the filing of original pleadings. Rule 15(d) states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Because Rule 15(a) instructs that leave to amend pleadings should be "freely" given, the standard of review is liberal. Indeed, the Ninth Circuit has instructed that the rule "should be interpreted with 'extreme liberality,'" *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)), and "[a]n outright refusal to grant leave to amend without a justifying reason is ... an abuse of discretion." **Smith v. Constellation Brands, Inc.**, 2018 WL 991450, at *2 (9th Cir. Feb.

21, 2018) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) and citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court only has discretion to deny leave to amend "'due to ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. at *2 (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) and *Leadsinger, Inc.*, 512 F.3d at 532). Similarly, Rule 15(d) "is intended to give district courts broad discretion in allowing supplemental pleadings" to promote "judicial economy and convenience." *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988); see also *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) ("Leave should be freely given"). Supplemental pleadings should be allowed as a matter of course "unless some particular reason for disallowing them appears." *Keith*, 858 F.2d at 473 (citation omitted). In the case at bar, Plaintiffs seek to amend and supplement her Complaint in order to add a new incidents arising out of events that happened prior to the date of the filing of the original complaint but were only made aware to the Plaintiff after the filing of the original complaint.

### FIRST CLAIM OF RELIEF

**Violation of the Privacy Act of 1974**

16. The effect of the Defendant's actions, as alleged above, denied Plaintiff equal employment opportunities, and discriminated against her based on her disability and failed to adhere to her reasonable accommodation in violation of Section 5 U.S.C.§ 552a(g)(1)(C) and 5 U.SC.§522a (g)(1)(D).

17. An agency has an obligation to maintain, collect, use, or disseminate personally identifiable information (PII) (e.g. medical information) to only those who have a "need to know" authority. "No agency shall disclose any record which is contained in a system of records

by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [subject to 12 exceptions]." 5 U.S.C. § 552a(b). Plaintiff believes the agency in their effort to zealous represent their agenda shared PII with an individuals who did not have a need to know in order to perform their duties.

      18.    More importantly, specific safeguards have been put in place to ensure PII is protect from public consumption or use to those without a need to know. A combination of administrative, physical, and technical safeguards is needed to protect the personally identifiable information entrusted to the Defendant. Plaintiff believes these safeguards were not properly implemented and thus, resulted in a violation of the Act.

      19.    The Act also requires, when transmitting, document(s) or information that the custodian of the record should maintain a privacy act statement (PAS) which should be attached to each correspondence related to the PII. Under the statute the PAS must state the authority; purpose; routine uses; and disclosure. Plaintiff asserts these safeguards and measures were not effectuated in her case. Therefore, a breach of the Act has occurred.

<strong><u>SECOND CLAIM FOR RELIEF</u></strong>

<strong>Violation of Title VII-Disparate Treatment (Sex and Race)</strong>

      20.    The effect of the Defendant's actions, as alleged above, denied Plaintiff equal employment opportunities, and discriminated against her based on her race and sex. Based on her race and sex, African American female, Plaintiff was treated differently and less than favorably than similarly situated persons who were outside of her protected class when she was subjected to continued disclosure of her private information such as: medical reports and reasonable

accommodation requests. Based on her knowledge, information and belief, other employees of a different race and sex were did not have their private medical condition and/or reasonable accommodation requests divulge to other colleagues or affiliates. Nor were any did any of the Plaintiff's colleagues receive a less than fully successful performance rating or placed on a PIP.

### THIRD CLAIM FOR RELIEF

### Violation of Title VII-Hostile Work Environment

21. The effect of the Defendant's actions, as alleged in this complaint, discriminated against the Plaintiff, and subjected her to a hostile work environment based on her race, sex, and disability in violation of Title VII and the Privacy Act. Plaintiff is a member of a protected class under Title VII as she is an African American female with a disability.

22. Plaintiff has suffered financial injury as a result. Plaintiff was forced to take unexpected leave and due to irreparable harm and contentious relationship between she and her supervisors, she was also forced to accept another lower paying position. Thus, harming her standard of living.

23. Plaintiff has suffered irreparable injury from the defendant's policy and practice as stated in this complaint.

24. Plaintiff has suffered emotional and mental anguish because of Defendant's actions.

25. Defendant acted with malice and reckless disregard to plaintiff's civil rights therefore entitling plaintiff to punitive and/or exemplary damages.

26. Plaintiff is entitled to money damages for defendant's violation of his rights as guaranteed by Title VII and the Privacy Act.

**PRAYER FOR RELIEF**

27. Based on these incidents, Complaint seeks to amend her Original Complaint [Doc. 1] to include two new incidents that are like and related to the pending claims of harassment and discrimination. As a matter of judicial law, economy, and convenience, it is appropriate for this claim to be added to the original Complaint, rather than brought as a separate action. Furthermore, the addition of these incidents and claims to the existing case would not cause undue prejudice to Defendants.

For the above reasons, Plaintiffs respectfully request leave to amend and supplement the original Complaint in the above-captioned matter.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

1. Declaring that the acts and practices complained of herein are in violation of Title VII, the Privacy Act and in retaliation;

2. Awarding plaintiff any back pay with interest on any back pay awarded;

3. Awarding plaintiff any front pay with interest on any front pay awarded;

4. Awarding plaintiff any liquidated damages with interest on any liquidated damages awarded;

5. Awarding plaintiff any actual damages to justly compensate contractual losses;

6. Awarding plaintiff compensatory damages, punitive damages, and such other monetary relief as may be deemed appropriate in amounts to be determined at trial;

7. Awarding plaintiff prejudgment and post judgment interest to the maximum extent permitted by law;

8. Awarding plaintiff costs of suit;

9.	Awarding plaintiff, the cost of this action together with expert witness fees and reasonable attorney's fees, as provided by section 706(k) of Title VII, 42 U.S.C. §§ 2000e-6(k), and the Privacy Act, 5 U.S.C. § 522(a);

10.	Directing defendant to pay plaintiff damages for his mental anguish;

11.	Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted this 4TH day of June 2021.

Respectfully Submitted,

By:/s *Ronda L. Cormier*
Ronda L. Cormier, Plaintiff
Texas Bar No. 41682403
12400 Shadow Creek Parkway, #306
Pearland, Texas 77584
Tel (713) 854-5599
Ms.lizzette@gmail.com

OF COUNSEL
Chelsey Johnson
Texas Bar Roll: 24109400
16343 Angel Island Lane
Houston, Texas 77053
281-777-5036
Chelsey.johnson419@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June 2021, a true and correct copy of the foregoing was served via CM/ECF, in accordance with the Federal Rules of Civil Procedure, on the following:

>Lander B. Baiamonte
>Assistant United State Attorney
>Southern District of Texas
>800 N. Shoreline Blvd., Suite 500
>Corpus Christi, TX 78401

*s/Ronda L. Cormier*
Ronda L. Cormier, Plaintiff
