United States District Court
Southern District of Texas
**ENTERED**
January 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONDA L. CORMIER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-04960 |
| | § | |
| DENIS McDONOUGH, *Secretary of* | § | |
| *Veteran's Affairs,* | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding are Plaintiff's Amended Motion for Summary Judgment (Doc. No. 60), Defendant's cross Motion for Summary Judgment (Doc. No. 62), and the parties' responses and additional briefing. The Court also has before it the Memorandum and Recommendation of the Magistrate Judge (Doc. No. 68) that recommends the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. Plaintiff has filed objections to the Magistrate Judge's Memorandum and Recommendation. (Doc. No. 69).

The Court has carefully reviewed, *de novo*, the filings, the applicable law, the Magistrate Judge's Memorandum and Recommendation, and Plaintiff's objections thereto, and agrees with the Magistrate Judge's conclusion that Plaintiff has not raised a genuine issue of material fact on her live claims in the Second Amended Complaint. (Doc. No. 53).

The Court notes that, in addition to her objections to the Memorandum and Recommendation, Plaintiff complains that the Magistrate Judge did not consider all of the allegations contained in the First Complaint. (Doc. No. 1, "First Complaint"). The Court notes that the First Complaint had the following claims for relief: 1) Violation of Title VII – Race and Sex

1

(Disparate Treatment); 2) Violation of the Rehabilitation Act of 1973; 3) Violation of Title VII –

Hostile Work Environment; and 4) Violation of Title VII – Retaliation. (Doc. No. 1 at 13–25).

The First Complaint was amended by Plaintiff at her own request. (Doc. No. 40). The

Second Amended Complaint has only three causes of action: 1) Violation of the Privacy Act of

1974; 2) Violation of Title VII – Disparate Treatment (Sex and Race); and 3) Violation of Title

VII – Hostile Work Environment. (Doc. No. 49 at 5–7). These last three causes of action are what

is pleaded in the live complaint and all three were addressed by the Magistrate Judge. An amended

complaint replaces the prior complaint. A supplemental complaint adds to a prior and still existing

complaint. In the former situation, the first complaint is a nullity; in the latter situation, the first

complaint is still alive. Plaintiff's Second *Amended* Complaint falls into the former category.

The effect of the rules is set out succinctly in the well-regarded treatise Federal Practice

and Procedure:

> Once an amended pleading is interposed, the original pleading no longer performs
> any function in the case and any subsequent motion made by an opposing party
> should be directed at the amended pleading…. [O]nce the original pleading is
> amended it no longer is part of the action….

Charles Alan Wright et al., *Federal Practice and Procedure*, vol. 6 § 1476 (3d., West 2005). While

there is case law that allows one to incorporate by reference a prior pleading, this is a very

dangerous and sloppy manner of practice and is fraught with the opportunity for a practitioner to

make mistakes. That is why many courts, including this one, have criticized those cases.

"However, the identification of the particular allegations to be incorporated must be direct, clear,

and explicit." *Id.* Regardless of how one grades the clarity of Plaintiff's pleadings in this case, in

the instant case it does not help. In the instant case, the language Plaintiff used to incorporate

allegations reads as follows:

2

> All allegations in each of the foregoing paragraphs are incorporated by reference
> into each of the claims for relief as if fully set forth in the original complaint.

(Doc. No. 49 at ¶ 12).

Thus, the allegations in paragraphs 1–11 of the Second Amended Complaint are incorporated into each of the claims for relief as if fully set forth in the First Complaint. The First Complaint is not a live complaint—so what is set forth in it is not controlling. Moreover, none of the alleged paragraphs (1–11) contain any additional causes of action. Therefore, even if the Magistrate Judge did consider paragraphs 1–11 as if fully set forth in the live (Second Amended) complaint (even though the above-quoted paragraph stated they be considered as if set out in the dead complaint), it would not aid Plaintiff's cause.

The Magistrate Judge considered all live allegations and dealt with them appropriately. This Court has not only reviewed those *de novo* but has also reviewed the additional causes of action Plaintiff now claims still exist and finds they, too, do not survive the summary judgment. Therefore, the Court finds first that those claims were dropped; and secondly, if they were not dropped in the Second Amended Complaint, it grants the Defendant's motion on these claims.

Plaintiff's Objections to the Memorandum and Recommendation of the Magistrate Judge (Doc. No. 69) are overruled. The Memorandum and Recommendation (Doc. No. 68) is adopted; Plaintiff's Motion for Summary Judgment (Doc. No. 60) is denied, and Defendant's Motion for Summary Judgment (Doc. No. 62) is granted. Plaintiff's case is hereby dismissed with prejudice.

Entry of this Order shall constitute entry of Final Judgment.

SIGNED at Houston, Texas this 14 day of January, 2022.

Andrew S. Hanen
United States District Judge

3